Gary Messing, Bar No. 075363
  gary@majlabor.com
Jason H. Jasmine, Bar No. 215757
  jason@majlabor.com
**MESSING ADAM & JASMINE LLP**
Attorneys at Law
980 9th Street, Suite 380
Sacramento, California 95814
Telephone:    916.446.5297
Facsimile:    916.448.5047

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SPILLER and GARRETT GLAVIANO, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PETALUMA,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION – 29 U.S.C. 216**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>[29 U.S.C. § 201 *ET SEQ.*]<br><br>**JURY TRIAL DEMANDED** |

PRELIMINARY STATEMENT

1.     The Plaintiffs are employees of Defendant City of Petaluma ("the City") and bring this action on behalf of themselves and other individuals similarly situated. This action is brought pursuant to provisions of the Fair Labor Standards Act ("FLSA") for declaratory judgment and to recover from Defendant unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

JURISDICTION AND VENUE

2.     Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331, 29 U.S.C. section 216(b), and 28 U.S.C. section 1337. This Court has subject matter

jurisdiction pursuant to 29 U.S.C. sections 207 *et seq.* Venue lies within this district pursuant to 28 U.S.C. section 1391.

## PARTIES

3. Plaintiffs are current employees of the City.

4. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals, who are non-exempt City employees due compensation under the FLSA on a variety of schedules including a partial overtime exemption under 29 U.S.C section 207(k) for fire protection and law enforcement personnel and non-207(k) schedules. The amount of payments due may vary by employee.

5. Those individuals constitute a well-defined community of interest in the questions of law and fact in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated. Thus, the named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated and have retained counsel competent and experienced in class action and FLSA litigation.

6. There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief herein set forth.

7. Pursuant to 29 U.S.C. sections 216(b) and 256, the named Plaintiffs herein have executed and hereby file with the Court their consents in writing to become party Plaintiffs in this action, which is appended hereto as Exhibit A. When other individuals similarly situated join this action, their consents will be filed with the Court. These written consent forms set forth each Plaintiff's name and intent to be party to this lawsuit.

8. Defendant City of Petaluma is a political subdivision of the State of California, an "employer" within the meaning of 29 U.S.C. section 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x), and employed the Plaintiffs.

9. Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay has resulted and continues to result in under-payment for overtime hours

worked. Defendant permitted Plaintiffs to perform overtime work without proper compensation.

FACTS

10. The Plaintiffs in this action, while employed by the City, have been "employees" within the meaning of 29 U.S.C. section 203(e)(1) within the last three years and, thus, entitled to the rights, protections, and benefits provided under the FLSA.

11. Plaintiffs and similarly situated individuals are employees of the City who are non-exempt from overtime, and have incurred some overtime during the time period in question.

12. Plaintiffs and similarly situated individuals routinely work hours above the applicable FLSA threshold – whether subject to a 207(k) or non-207(k) schedule – and in excess of their regularly scheduled hours, resulting in additional overtime pay obligations for the City.

13. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)

14. 29 U.S.C. section 207(e)(2) allows employers to exclude certain payments from the "regular rate" of pay. However, employers are not allowed to exclude monetary compensation paid to Plaintiffs in lieu of contributions for medical benefits from their "regular rate" of pay.

15. Employers are allowed to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

16. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states, in part:

> "The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, that if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4)

> of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in case of all or part of the amount standing to his credit."

17. In *Flores v. City of San Gabriel*, 2016 WL 3090782, the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "Under § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to §207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." (*Id.*) Further, the Court held that cash payments in lieu of health benefits were not excludable from the "regular rate" under 207(e)(4).

18. Defendant's past and current practice of computing overtime has impermissibly reduced the amount being paid to Plaintiffs and similarly situated individuals by failing to compute all statutorily required amounts into the "regular rate" of pay as defined by 29 U.S.C. section 207(e).

19. As part of the compensation provided Plaintiffs and other similarly situated individuals, Defendant has provided additional compensation including but not limited to a "Cash-in-Lieu" program for Employees that opt-out of medical benefits. The City also offers a "Health-in-Lieu" program which provides an "additional benefit" for the purpose of offsetting health care premium amounts beyond the City's regular health care contributions to the California Public Employees Retirement System Health Benefits Program.

20. Many such payments were made to Plaintiffs and similarly situated individuals (not to a trustee or third person).

21. Defendant treated some of these payments to Plaintiffs and similarly situated individuals as wages for the purpose of tax withholdings.

22. Plaintiffs are informed and believe, and thereon allege, that payments Defendant made for Plaintiffs and other similarly situated individuals' medical and other health and

welfare benefits were not made pursuant to a "bona fide plan" within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215. Because the remunerations paid to Plaintiffs in lieu of these benefits were compensation for work and were not made pursuant to a bona fide benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

23. At all times material herein, the Defendant's practices did not include all of the required additional compensation in the calculation of the "regular rate" of pay for Plaintiffs and similarly situated individuals for the purposes of determining overtime compensation as required by the FLSA. The City has thus failed to appropriately calculate the applicable "regular rate" and to pay Plaintiffs and similarly situated individuals the required premium overtime rates for all hours of overtime they worked.

24. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

25. Plaintiffs are informed and believe, and thereon allege, that Defendant and its agents and/or representatives willfully and knowingly violated FLSA by continuing to exclude remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular rate" of pay.

26. Defendant's continuing failure to properly compensate Plaintiffs and similarly situated individuals is not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

27. As a result of the foregoing violations of FLSA, Plaintiffs seek damages for unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney fees pursuant to 29 U.S.C. section 216(b).

## FIRST COUNT

### The City Has Violated 29 U.S.C. Section 207 by Failing to Accurately Calculate Plaintiffs' Regular Rate and Overtime Rate of Compensation

1  28. Plaintiffs hereby incorporates by reference paragraphs 1 through 27 in their
2  entirety and restates them here.
3  29. At all times material herein, Plaintiffs and similarly situated individuals have
4  been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201,
5  *et seq*.
6  30. During the times where Plaintiffs and similarly situated individuals have worked
7  hours in excess of their regular schedules, they have been entitled to overtime compensation at a
8  rate of one and one-half times their regular rate of pay for each additional hour or fraction
9  thereof worked. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230. Plaintiffs and similarly situated
10 individuals may also be entitled to overtime compensation under the MOU.
11 31. The "regular rate" of pay from which the premium overtime rate of pay for
12 Plaintiffs and similarly situated individuals is derived must include "all remuneration for
13 employment." 29 U.S.C. § 207(e). Such remuneration includes, but is not limited to,
14 compensation under City health and welfare benefits plans that are not "bona-fide" plans or any
15 cash taken in lieu of receiving such benefits.
16 32. At all times material herein, the City has failed and refused to provide Plaintiffs
17 and similarly situated individuals with overtime compensation at a rate of one and one-half
18 times their regular rate of pay by failing to include such remuneration in calculating the regular
19 rate.
20 33. The City's refusal to provide overtime pay at the proper rate to Plaintiffs and
21 similarly situated individuals for the hours they have worked in excess of their regular schedules
22 wrongly deprives Plaintiffs and similarly situated individuals of the FLSA overtime
23 compensation that is due to them at times material herein.
24 34. At all relevant times, the City has been aware of the provisions of the FLSA.
25 The City's actions and omissions as alleged herein were knowing, willful, bad faith, and
26 reckless violations of 29 U.S.C. section 207 within the meaning of 29 U.S.C. section 255(a).
27 35. As a result of the aforesaid willful violations of the FLSA, overtime
28 compensation has been unlawfully withheld by the City from Plaintiffs and similarly situated

individuals for which the City is liable pursuant to 29 U.S.C. sections 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

36. The employment and work records for the Plaintiffs and those individuals who are similarly situated are in the exclusive possession, custody and control of the City, and the Plaintiffs are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and those individuals who are similarly situated request from the Court the following relief:

A. A declaratory judgment declaring that the City has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

C. Judgment against the City awarding Plaintiffs monetary damages in the form of three (3) years' back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D. An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E. An award granting such other further relief as the Court deems proper.

///
///
///
///

JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Dated: August 16, 2016    MESSING ADAM & JASMINE LLP

By    /s/ Gary Messing
      Gary Messing
      Jason Jasmine
      Attorneys for Plaintiffs Walter Spiller and Garrett Glaviano and other similarly situated individuals

# Exhibit A

## CONSENT TO JOIN ACTION

### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, __WALTER SPILLER__, hereby consent to become a plaintiff in a lawsuit to be filed in California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Petaluma ("the City"), my employer, failed to properly compensate me and other City employees at the legally-required overtime rate of pay. I am or was employed by the City for part or all of the period covering the three years prior to the date of signing of this consent. This action is being pursued on my behalf and on the behalf of similarly-situated employees of the City pursuant to Section 16(b) of the Fair Labor Standards Act (29 U.S.C. § 216(b)). Unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief are sought in the action.

Signature: _____  Date: __8/12/16__

Print Name: __WALTER SPILLER__

## CONSENT TO JOIN ACTION

## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, Garrett V. Glaviano, hereby consent to become a plaintiff in a lawsuit to be filed in California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Petaluma ("the City"), my employer, failed to properly compensate me and other City employees at the legally-required overtime rate of pay. I am or was employed by the City for part or all of the period covering the three years prior to the date of signing of this consent. This action is being pursued on my behalf and on the behalf of similarly-situated employees of the City pursuant to Section 16(b) of the Fair Labor Standards Act (29 U.S.C. § 216(b)). Unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief are sought in the action.

Signature: _____ Date: 8/12/16

Print Name: Garrett V. Glaviano