Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:   415.512.3000
Facsimile:    415.856.0306

Attorneys for Defendant CITY OF PETALUMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SPILLER, and GARRETT GLAVIANO, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PETALUMA,<br><br>Defendant. | Case No.:  3:16-cv-04717-JD<br><br>Complaint Filed: August 24, 2016<br><br>**DEFENDANT CITY OF PETALUMA'S ANSWER TO COMPLAINT** |

    Defendant CITY OF PETALUMA ("Defendant City") answers and responds to the Complaint for Declaratory Judgment and Unpaid Compensation under the Fair Labor Standards Act ("Complaint") filed by Plaintiffs WALTER SPILLER and GARRETT GLAVIANO on behalf of themselves and all similarly situated individuals ("Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

    1.    Answering paragraph 1 of the Complaint, Defendant City admits that Plaintiff Walter Spiller and Plaintiff Garrett Glaviano are employees of the City. Defendant City further admits that Plaintiffs allege to have brought this action on behalf of themselves and other individuals similarly situated. Defendant City further admits that Plaintiffs allege to have brought this action pursuant to the Fair Labor Standards Act for declaratory relief and to recover alleged unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees. Except as expressly admitted herein, Defendant City lacks sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies each and every allegation contained in paragraph 1.

## JURISDICTION AND VENUE

2.    Answering paragraph 2 of the Complaint, Defendant City admits that this Court has jurisdiction pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b). Defendant City further admits that venue lies within the Northern District of California pursuant to 28 U.S.C. section 1391. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies each and every allegation contained in paragraph 2.

## PARTIES

3.    Answering paragraph 3 of the Complaint, Defendant City admits that Plaintiff Walter Spiller and Garrett Glaviano are current employees of the City. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies each and every allegation contained in paragraph 3.

4.    Answering paragraph 4 of the Complaint, Defendant City admits that Plaintiffs allege to have brought this action on behalf of themselves and other similarly situated individuals. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies each and every allegation contained in paragraph 4.

5.    Answering paragraph 5 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and on that basis denies each and every allegation contained in paragraph 5.

6.    Answering paragraph 6 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies each and every allegation contained in paragraph 6.

7.    Answering paragraph 7 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 and on

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

7986793.2 PE019-007

2

DEFENDANT CITY OF PETALUMA'S ANSWER TO COMPLAINT

1  that basis denies each and every allegation contained in paragraph 7.

2      8. Answering paragraph 8 of the Complaint, Defendant City admits that the City is a political subdivision of the State of California, an employer per 29 U.S.C. section 203(d), and a public agency per 29 U.S.C. section 203(x). Defendant City further admits that Plaintiff Walter Spiller and Plaintiff Garrett Glaviano are employed by the City. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and on that basis denies each and every allegation contained in paragraph 8.

    9. Answering paragraph 9 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 9.

## FACTS

    10. Answering paragraph 10 of the Complaint, Defendant City admits that Plaintiff Walter Spiller and Plaintiff Garrett Glaviano are employed by Defendant City. To the extent paragraph 10 is legal argument and/or statements of law, Defendant City is not required to answer paragraph 10. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies each and every allegation contained in paragraph 10.

    11. Answering paragraph 11 of the Complaint, Defendant City admits that Plaintiff Walter Spiller and Plaintiff Garrett Glaviano are employed by Defendant City. Except as expressly admitted herein, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies each and every allegation contained in paragraph 11.

    12. Answering paragraph 12 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies each and every allegation contained in paragraph 12.

    13. Answering paragraph 13 of the Complaint, paragraph 13 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 13. To

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

7986793.2 PE019-007

3

DEFENDANT CITY OF PETALUMA'S ANSWER TO COMPLAINT

the extent any facts are alleged in paragraph 13, Defendant City denies, generally and specifically, all such facts.

14. Answering paragraph 14 of the Complaint, paragraph 14 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 14. To the extent any facts are alleged in paragraph 14, Defendant City denies, generally and specifically, all such facts.

15. Answering paragraph 15 of the Complaint, paragraph 15 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 15. To the extent any facts are alleged in paragraph 15, Defendant City denies, generally and specifically, all such facts.

16. Answering paragraph 16 of the Complaint, paragraph 16 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 16. To the extent any facts are alleged in paragraph 16, Defendant City denies, generally and specifically, all such facts.

17. Answering paragraph 17 of the Complaint, paragraph 17 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 17. To the extent any facts are alleged in paragraph 17, Defendant City denies, generally and specifically, all such facts.

18. Answering paragraph 18 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis denies each and every allegation contained in paragraph 19.

20. Answering paragraph 20 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 and on that basis denies each and every allegation contained in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 and on

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

that basis denies each and every allegation contained in paragraph 21.

22. Answering paragraph 22 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 22.

23. Answering paragraph 23 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 23.

24. Answering paragraph 24 of the Complaint, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 and on that basis denies each and every allegation contained in paragraph 24.

25. Answering paragraph 25 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 25.

26. Answering paragraph 26 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 26.

27. Answering paragraph 27 of the Complaint, Defendant City admits that Plaintiff Walter Spiller and Plaintiff Garrett Glaviano allege to seek damages for unpaid overtime, interest thereon, liquidated damages, and costs of suit and reasonable attorney fees pursuant to 29 U.S.C. section 216(b). Except as expressly admitted herein, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 27.

## FIRST COUNT

28. Answering paragraph 28 of the Complaint, Defendant City hereby incorporates by reference paragraphs 1 through 27 of this Answer, inclusive, as though set forth fully herein, and similarly denies each and every allegation that was denied therein.

29. Answering paragraph 29 of the Complaint, to the extent paragraph 29 is legal argument and/or statements of law, Defendant City is not required to answer paragraph 29. To the extent any facts are alleged in paragraph 29, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and on that basis denies each and every allegation contained in paragraph 29.

30. Answering paragraph 30 of the Complaint, to the extent paragraph 30 is legal argument and/or statements of law, Defendant City is not required to answer paragraph 30. To

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

the extent any facts are alleged in paragraph 30, Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 and on that basis denies each and every allegation contained in paragraph 35.

31. Answering paragraph 31 of the Complaint, paragraph 31 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 31. To the extent any facts are alleged in paragraph 31, Defendant City denies, generally and specifically, all such facts.

32. Answering paragraph 32 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 32.

33. Answering paragraph 33 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 33.

34. Answering paragraph 34 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 34.

35. Answering paragraph 35 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 35.

36. Answering paragraph 36 of the Complaint, to the extent paragraph 36 is legal argument and/or statements of law, Defendant City is not required to answer paragraph 36. To the extent any facts are alleged in paragraph 30, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 36.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Partial Exemption from Overtime)**

Plaintiffs are barred from recovery in whole or in part because Plaintiffs were subject to the partial overtime exemption set forth in 29 U.S.C. section 207(k) for law enforcement personnel.

### SECOND AFFIRMATIVE DEFENSE

**(Exemption from Overtime)**

Plaintiffs are barred from recovery in whole or in part because Plaintiffs were subject to

the overtime exemption set forth in 29 U.S.C. section 207(b).

### THIRD AFFIRMATIVE DEFENSE

### (Offset)

Defendant City is entitled to offset and/or credit any compensation owed under the FLSA by compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. section 207(h).

### FOURTH AFFIRMATIVE DEFENSE

### (White Collar and other Overtime Exemptions)

Plaintiffs are barred from recovery to the extent they were exempt from the overtime requirements of the FLSA under the highly compensated employee, administrative, professional, executive, and/or computer exemptions, pursuant to 29 U.S.C. sections 13(a)(1) and 13(a)(17).

### FIFTH AFFIRMATIVE DEFENSE

### (Special Detail Exclusion)

Plaintiffs are barred from recovery to the extent Plaintiffs spent time performing work as part of a special detail for an outside employer pursuant to 29 U.S.C. section 207(p)(1).

### SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant City acted in good faith and had reasonable grounds for believing its conduct was in compliance with the Fair Labor Standards Act, thereby precluding any award of liquidated damages to Plaintiffs, pursuant to 29 U.S.C. section 260.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, and Plaintiffs are limited to at most a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. section 255(a).

### EIGHTH AFFIRMATIVE DEFENSE

### (Reliance on Written Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant City adopted policies in conformity with and in reliance on written administrative interpretation issued by the

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Administrator of the Wage and Hour Division of the Department of Labor, pursuant to 29 U.S.C. 259.

### NINTH AFFIRMATIVE DEFENSE

#### (*De Minimis* Time)

Defendant City is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis.*

### TENTH AFFIRMATIVE DEFENSE

#### (Restriction on Activities Compensable under Contract or Custom)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. section 254(b)-(c).

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Relief from Liability for Preliminary and/or Postliminary Activities)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. section 254(a).

### TWELFTH AFFIRMATIVE DEFENSE

#### (Waiver)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.  During the course and scope of the activities described in the Complaint, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs have failed to state any claim upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.  Among other things, Plaintiffs did not actually work the overtime hours reported to Defendant City. Plaintiffs' claims are further barred due to Plaintiffs' other acts and omissions, including but not

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

7986793.2 PE019-007

8

DEFENDANT CITY OF PETALUMA'S ANSWER TO COMPLAINT

limited to knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendant City of the acts complained of in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims are barred in whole or in part by the doctrine of laches. Plaintiffs have unreasonably delayed commencement of this action such that recovery, if any, should be barred or reduced according to proof at trial.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiffs' claims are barred because Plaintiffs ratified and confirmed the transactions that are the subject of the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Government Tort Claim)**

Plaintiffs' claims are barred for failure to comply with the California Government Tort Claims Act.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiffs' claims are barred for failure to exhaust any and all applicable administrative remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Mootness)**

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

Plaintiffs' claims are barred in whole or in part because there is no actual case or controversy to be pursued in this Court.

\\

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Defendant City has provided an accord and satisfaction of Plaintiffs' claims.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiffs are barred from recovery in whole or in part because Plaintiffs' negligence was a substantial factor in causing the harm alleged in the Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Improper Notice)**

Plaintiffs' claims are barred for failure to provide notice, thus depriving Defendant City of the opportunity to remedy any alleged violations of law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Actual / Constructive Knowledge)**

Defendant City lacked actual and constructive knowledge of any underpayment of compensation to Plaintiffs as alleged in the Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Suffer / Permit)**

Defendant City did not suffer or permit, or otherwise authorize the acts or omissions alleged in Plaintiffs' Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

Plaintiffs' claims are barred because each cause of cause of action, as pled, is uncertain.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiffs' recovery is barred in whole or in part by Plaintiffs' voluntary participation in

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

the allegations set forth in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' recovery is barred in whole or in part by equitable estoppel. Plaintiffs should be estopped from asserting claims inconsistent with Plaintiffs' previous positions on the same issues.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Superseding Cause)

Plaintiffs' claims are barred by a third-party superseding cause not reasonably foreseeable that proximately caused the losses and damages alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Novation)

Plaintiffs' claims are barred in whole or in part by novation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Collective Bargaining Grievance Procedures)

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust collective bargaining grievance procedures. To the extent Plaintiffs' claims address disputes within the scope of their memoranda of understanding (MOU), Plaintiffs must follow the grievance procedures of such agreements.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to bring suit against Defendant City for the claims alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Similarly Situated)

This action is not appropriate for collective action treatment because the members of the proposed collective action are not similarly situated.

\\

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Commonality)**

This action is not appropriate for collective action treatment because the claims of the allegedly similarly situated employees lack commonality and will required individualized determinations.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Inadequate Representative)**

This action is not appropriate for collective action treatment because the named plaintiff in this action is not an adequate representative of those she purports to represent.

**PRAYER**

WHEREFORE, Defendant City prays as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that judgment be entered in favor of Defendant City;
2. That Defendant City be awarded costs of suit incurred in defense of this action;
3. That Defendant City be awarded reasonable attorney fees as may be determined by the Court; and
4. Such other relief as the Court deems just and proper.

Dated:  November 30, 2016

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: */s/ Morin I. Jacob*
Morin I. Jacob
Lisa S. Charbonneau
Attorneys for Defendant CITY OF PETALUMA

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105