UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SPILLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PETALUMA, <br><br> Defendant. | Case No. 3:16-cv-04717-JD <br><br> **ORDER RE JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE** <br><br> Re: Dkt. No. 51 |

This is a wage-and-hour collective action brought by two named plaintiffs on behalf of themselves and current and former police department employees of the City of Petaluma. The parties reached a proposed settlement and now seek approval and dismissal of the action with prejudice. The requests are granted.

## BACKGROUND

Plaintiffs are current and former Petaluma police detectives, dispatchers, investigators, officers, and sergeants. Dkt. No. 51 at 1. Petaluma makes contributions to the health benefit plans it provides to plaintiffs and other employees. Dkt. No. 1 at 4-5. Under the parties' Memorandum of Understanding labor agreement (the "MOU"), employees could elect to receive a cash payment in lieu of participation in sponsored medical and/or dental insurance plans, provided that they had eligible coverage from another source. Dkt. No. 51 at 1. Plaintiffs initially alleged a number of claims under the federal Fair Labor Standards Act ("FLSA"), Dkt. No. 1, but voluntarily limited the lawsuit to the issues of whether the in-lieu cash payments should have been included as part of their regular rate of pay as used for determining overtime compensation, and whether Petaluma's medical and dental plans were "bona fide" under 29 U.S.C. § 207, *et seq*. Dkt. No. 32. The parties reached a settlement in principle after mediating the dispute with Magistrate Judge Maria-

Elena James.

## DISCUSSION

### I. THE PROPOSED SETTLEMENT

The parties to the settlement are Petaluma and 70 individuals consisting of the named plaintiffs and others who opted into the action by filing a "Consent to Join" form in 2017. Dkt. Nos. 19; 51-3 at 1-2. All collective action members received notice of the proposed settlement and signed "Settlement Agreement and Release" forms. Dkt. No. 51-3, Exh. B. The parties represent that no objections have been made by anyone. Dkt. No. 51-3 at 5.

For the settlement, Petaluma will pay a total of $104,794 to the individuals, and $170,000 in attorney's fees and costs. *Id.* at 4. Each claimant will receive a payment "tied to the number of overtime hours [each] worked during the liability period, how much cash in lieu [each] received (if any), and the bonus amounts paid to certain [p]laintiffs." Dkt. Nos. 51 at 8-9; 54-2. The median payment is $400 per person. *See* Dkt. No. 54-2. Petaluma also agreed to change its overtime calculation practices to account for the cash-in-lieu payments as of March 2018. Dkt. No. 51 at 2.

The claimants do not have to submit any forms to receive a settlement check. Petaluma will issue payments directly to each member within 45 days of the date of approval. Dkt. No. 51-3 at 4. Each claimant will release Petaluma from:

> any further claims under the FLSA and the MOU for any alleged underpayment due to the claims set forth in the Complaint, specifically claims pertaining to the City's cash in lieu payments, the City's benefits plan payments, and a bonus paid to certain Plaintiffs during the liability period, that have or could have occurred up to and including the Effective Date of this Agreement.

*Id.* at 4-5. The City's liability period is three years from August 17, 2016 for the named plaintiffs and three years from October 17, 2016 for all other claimants. *Id.* at 3-4.

### II. FAIRNESS OF THE SETTLEMENT

In the FLSA context, courts look to see if the proposed settlement is a "fair and reasonable" resolution "of a bona fide dispute" over FLSA provisions. *Flores v. Alameda Cty. Indus. Inc*, No. 14-CV-03011-JD, 2015 WL 7180607, at *3 (N.D. Cal. Nov. 16, 2015); *Sarkisov v. StoneMor Partners L.P.*, No. 13-CV-04834-JD, 2015 WL 5769621, at *3 (N.D. Cal. Sept. 30,

2015).

Nothing in the record raises concerns about the fairness or reasonableness of the settlement. The lawsuit was a bona fide dispute, the parties engaged in meaningful discovery, and they settled after substantial mediation work with the magistrate judge. The total monetary recovery for the claimants is at the lower end of plaintiffs' estimate of the total possible recovery through trial, but reasonably accounts for litigation risks. No one has objected to the settlement.

As discussed at the hearing, the Court's main concern was that the request for $170,000 in attorney's fees substantially exceeded the total payments of $104,794 to the claimants. That kind of imbalance is inherently questionable, and the Court asked plaintiffs' counsel for additional information about it. In response, counsel has represented, without objection by Petaluma, that the changes in calculating overtime pay will deliver ongoing benefits to city employees, and that this factor should be weighed in determining fees and costs. Dkt. No. 54 at 6-7. In this particular case, the record appears to support that suggestion, and so the fees and costs requests will not undermine approval.

## CONCLUSION

The settlement is approved and the case will be dismissed with prejudice after the parties certify that Petaluma has made the required monetary payments.

**IT IS SO ORDERED.**

Dated: October 5, 2018

JAMES DONATO
United States District Judge